UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERRICK JESUS ODEN,
    Plaintiff,
  v.
M. VOONG, et al.,
    Defendants.

Case No. 18-cv-04922-YGR (PR)

**ORDER OF SERVICE**

    Plaintiff, a state prisoner currently incarcerated at California State Prison-Sacramento, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, in which he alleges constitutional rights violations at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

    Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

    In his complaint, Plaintiff has named the following Defendants: Office of Appeals Chiefs M. Voong and R. L. Briggs. Plaintiff seeks injunctive relief.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and

(2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIM

Plaintiff claims that Defendants have obstructed his access to grievance procedures at SVSP based on the following actions:

> (1) Use of inmate appeals screening form (CDC 695) to manipulate improper, excessive, and repetitive delays[;]
> (2) Dishonest and unethical methods in screening out and cancelling 602 appeal for the purpose to never be processed[;]
> (3) Reporting deliberate false information in the course of responding to 602 appeal.

Dkt. 1 at 3.[1] Specifically, Plaintiff claims that Defendants have prevented him from filing a certain staff complaint, log no. SVSP 14-02020, in which he complains that SVSP Correctional Officer E. Santana filed a false incident report against him in 2013.[2] Thus, in essence, Plaintiff claims Defendants' actions have violated his rights under the First Amendment.

The right of meaningful access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); *accord Hines v. Gomez*, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). This right is subsumed under the First Amendment right to petition the government for redress of grievances, *see id.* at 333, and protects both the filing, *see id.*, and content, *see Bradley*, 64 F.3d at 1279, of prison grievances. Accordingly, Plaintiff's claim that Defendants have obstructed his access to grievance procedures (including preventing him from filing log no. SVSP 14-02020) states a cognizable claim under the First Amendment.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable First Amendment claim against Defendants Voong and

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[2] The Court notes that Plaintiff filed a previous action in this Court, which is still pending, in which he is pursuing various claims relating to the alleged 2013 false incident report, including First Amendment and Eighth Amendment claims against Officer Santana for authoring the false incident report, among others. *See* Case No. C 17-5853 YGR (PR).

2

Briggs.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this Order to the following Defendants: **Office of Appeals Chiefs M. Voong and R. L. Briggs.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause can be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the

3

events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

d.　　Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

　　　　　e.　　The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.　　Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.　　All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.　　It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8.　　Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated:　January 14, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge