IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DERRICK JESUS ODEN,**<br><br>Plaintiff,<br><br>v.<br><br>**M. VOONG, et al.,**<br><br>Defendants. | Case No. 4:18-cv-04922-YGR (PR)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER TO THE COMPLAINT** |

Currently before the Court is Defendants' motion for leave to amend their answer to the complaint. Specifically, Defendants seek to add the affirmative defense of res judicata to their answer because they inadvertently omitted the defense in their answer and would be severely prejudiced if they did not have the opportunity to raise the defense.

For the reasons that follow, Defendants' motion is GRANTED.

**PROCEDURAL HISTORY**

Plaintiff Oden, a state prison inmate, filed the operative complaint on August 14, 2018. (ECF No. 1.) On January 14, 2019, the Court found that Oden's allegations, when liberally construed, stated a cognizable claim that Defendants had violated Oden's First Amendment rights and ordered service on Defendants. (ECF No. 7.) Defendants filed their answer on March 15,

1

2019. (ECF No. 12.) A dispositive motion from Defendants is due on July 16, 2019. (ECF No. 14.) Defendants now seek leave to amend their answer to the complaint.

## DISCUSSION

A party may amend its answer once as a matter of course within 21 days after serving it, but after 21 days, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The court should freely give leave when justice so requires, and public policy strongly encourages courts to permit amendments. Fed. R. Civ. P. 15(a); *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) (citing *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993)). The policy of allowing amendments "is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Granting leave in this case would not prejudice Oden or cause undue delay, and Defendants do not seek leave in bad faith. *See Waldrip*, 548 F.3d at 732 (outlining considerations for determining whether a district court abused its discretion by granting leave to amend answer). Defendants have sought leave as soon as they discovered their inadvertent omission of the affirmative defense of res judicata. Furthermore, Oden is on notice of the facts related to whether the res judicata defense bars his complaint, given that he has included documents related to this defense. (ECF No. 1; Declaration of C. Hay-Mie Cho (Cho Decl.), ¶ 3.) In addition, Defendants' proposed amendment would serve judicial economy because the res judicata defense would allow the case to be completely resolved on summary judgment. As Defendants have not sought leave to amend for any improper purpose, and Plaintiff would suffer no prejudice by the proposed amendment at this time, Defendants' request is GRANTED.

///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, Defendants' motion for leave to amend their answer is GRANTED.

The Clerk of the Court is directed to file the document attached to Defendants' motion entitled, "Defendants' Amended Answer and Demand for Jury Trial" (dkt. 16-3), and to send a copy of the aforementioned document to Plaintiff.

**IT IS SO ORDERED**.

Dated:    July 12, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge