UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JESUS ODEN,<br><br>    Plaintiff,<br><br>  v.<br><br>M. VOONG, et al.,<br><br>    Defendants. | Case No. 18-cv-04922-YGR (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is Plaintiff's motion for appointment of counsel to represent him in this action. Dkt. 22. Also pending is Defendants' motion for summary judgment, and Plaintiff's motion for an extension of time to file his opposition to Defendants' motion. Dkt. 20, 23.

    Plaintiff requests the appointment of counsel to represent him in this action. Dkt. 22. However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

1 Here, the Court finds that Plaintiff has aptly presented his claims, and that the issues presented in the Defendants' motion for summary judgment are straightforward. Accordingly, the Court finds that appointment of counsel is not necessary at this time. Plaintiff's motion for appointment of counsel is DENIED without prejudice. Dkt. 22.

Plaintiff's opposition to Defendants' motion for summary judgment is presently overdue. The Court GRANTS Plaintiff's request for an extension of time in which to file his opposition. Dkt. 23. The time in which Plaintiff may file his opposition will be extended up to and including **September 27, 2019.** Defendants shall file their reply no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

This Order terminates Docket Nos. 22 and 23.

IT IS SO ORDERED.

Dated: August 21, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge