UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DERRICK JESUS ODEN,

           Plaintiff,

     v.

M. VOONG, et al.,

           Defendants.

Case No. 18-cv-04922-YGR (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

This is a *pro se* civil rights complaint under 42 U.S.C. § 1983 filed by Plaintiff, a state prisoner currently incarcerated at California State Prison-Sacramento.  He alleges constitutional rights violations at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. Dkt. 1 at 6, 8.[1]  He has named the following Defendants: Office of Appeals ("OOA") Chief M. Voong and Acting Chief R. L. Briggs.  Plaintiff seeks injunctive relief.

Specifically, Plaintiff claims Defendants have prevented him from filing certain grievances in which he complained that SVSP Correctional Officer E. Santana filed a false Rules Violation Report ("RVR") against him in 2013.[2]  Thus, in essence, Plaintiff claims Defendants' actions have violated his rights under the First Amendment to meaningful access to the courts, and he accuses Defendants of obstructing his access to SVSP's grievance procedures.

In an Order dated January 14, 2019, the Court screened Plaintiff's complaint and determined that he stated a cognizable claim under the First Amendment that Defendants obstructed his access to grievance procedures.  Dkt. 7 at 2.  The Court then directed the Clerk of

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[2] The Court notes that Plaintiff filed a previous action in this Court, which is now closed, in which he pursued various claims relating to the alleged 2013 false RVR, including First Amendment and Eighth Amendment claims against Officer Santana for authoring the false RVR, among others.  *See* Case No. C 17-5853 YGR (PR).  On September 6, 2019, the Court granted Defendants' Combined Motion for Judgment on the Pleadings and Summary Judgment upon reaching the merits of his claims.  *See* Dkt. 60 in Case No. C 17-5853 YGR (PR).

1   the Court to serve the complaint and issued a briefing schedule for the served Defendants to file a

2   dispositive motion.  *See id.* at 3-6.

3           The parties are presently before the Court on Defendants' motion for summary judgment.

4   Dkt. 20.  Defendants move for summary judgment on Plaintiff's First Amendment claim against

5   them on the grounds that: (1) Plaintiff has failed to exhaust administrative remedies, as required

6   by the Prison Litigation Reform Act ("PLRA") and even if he did exhaust Defendants did not

7   cause an actual access-to-courts injury because they had no involvement in processing the

8   grievances complained of, and in any case, Plaintiff's subsequent appeals were properly rejected,

9   cancelled, or denied; and (2) based on qualified immunity.  *Id.* at 5.  Plaintiff has filed an

10  opposition to Defendants' motion for summary judgment.  Dkt. 31.  Defendants have filed a reply

11  to Plaintiff's opposition.  Dkt. 32.

12          Having read and considered the papers submitted in connection with this matter, the Court

13  GRANTS Defendants' motion for summary judgment.

## II.     DISCUSSION

15          One of the issues presented in Defendants' summary judgment motion is whether Plaintiff

16  properly exhausted his administrative remedies as to his First Amendment claim against

17  Defendants.  Before turning to the facts of this case, the Court briefly reviews the requirements of

18  the PLRA and administrative review process applicable to California prisoners.

### A.     Legal Framework for Exhaustion of Available Administrative Remedies

20          The PLRA requires a prisoner to exhaust all available administrative remedies before

21  bringing an action with respect to prison conditions.  42 U.S.C. § 1997e(a).  "[T]he PLRA's

22  exhaustion requirement applies to all inmate suits about prison life, whether they involve general

23  circumstances or particular episodes, and whether they allege excessive force or some other

24  wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

25          Exhaustion of all "available" remedies is mandatory; those remedies neither need to meet

26  federal standards, nor must they be "plain, speedy, and effective."  *Booth v. Churner*, 532 U.S.

27  731, 739-40 (2001).  The PLRA requires *proper* exhaustion of administrative remedies.  *Woodford*

28  *v. Ngo*, 548 U.S. 81, 83 (2006).  "Proper exhaustion demands compliance with an agency's

1  deadlines and other critical procedural rules because no adjudicative system can function

2  effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-

3  91. Thus, compliance with prison grievance procedures is required by the PLRA to exhaust

4  properly. *Id.*

5      The CDCR provides its inmates and parolees the right to appeal administratively "any

6  departmental decision, action, condition, or policy which they can demonstrate as having an

7  adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its

8  inmates the right to file administrative appeals alleging misconduct by correctional officers. Cal.

9  Code Regs. tit. 15, § 3084.1(e).

10      On January 28, 2011, certain revisions to the California prison regulations governing

11  inmate grievances became operative. *See* History, Note 11, Cal. Code Regs. tit. 15, § 3084.2. In

12  order to exhaust all available administrative remedies within this system, a prisoner must submit

13  his complaint on CDCR Form 602 ("602 appeal") and proceed through three levels of appeal:

14  (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second

15  formal level appeal filed with the institution head or designee, and (3) third formal level appeal

16  filed with the CDCR director or designee (i.e., "Director's level"). Cal. Code Regs. tit. 15,

17  §§ 3084.1(b), 3084.7. Under specific circumstances, the first level review may be bypassed. *Id.*

18  The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a

19  prisoner's administrative remedies. *Id.* § 3084.7(d)(3). A California prisoner is required to submit

20  an inmate appeal at the appropriate level and proceed to the highest level of review available to

21  him. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005); *Bennett v. King*, 293 F.3d 1096, 1098

22  (9th Cir. 2002).

23      The level of detail in an administrative grievance necessary to exhaust a claim properly is

24  determined by the prison's applicable grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218

25  (2007). The level of specificity required in the appeal is described in the California Code of

26  Regulations as follows:

27          The inmate or parolee shall list all staff member(s) involved and shall
        describe their involvement in the issue. To assist in the identification

28          of staff members, the inmate or parolee shall include the staff

3

member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal.

Cal. Code Regs. tit. 15, § 3084.2(a)(3) (emphasis added).

The initial grievance must be filed within thirty calendar days of the action or event being protested, and inmates must seek review at each successive level within thirty calendar days of receiving an adverse decision at a lower level. *Id.* § 3084.8(b)(1).

An inmate appeal may be cancelled for any of the eight reasons listed in the regulation. *See id.* § 3084.6(c).[3]  Among the reasons for cancellation is that the inmate appeal is failure to comply with the time limits or duplication of a previous appeal. *See id.* § 3084.6(c)(2), (4).  A cancellation decision under section 3084.6(c) does not exhaust administrative remedies. *Id.* § 3084.1(b).  An inmate can appeal that decision to cancel his appeal by appealing the application of § 3084.6(c) to his original appeal; if he prevails on that separate appeal, the cancelled appeal later can be considered at the discretion of the appeals coordinator or the third level appeals chief. *Id.* § 3084.6(a)(3) and § 3084.6(e).

## B.    Factual Background[4]

### 1.  The Parties

At the time of the events set forth in his complaint, Plaintiff was a state prisoner who was incarcerated at SVSP.  See Dkt. 1 at 1.  During the time frame at issue, Defendants Voong and Briggs acted as OOA Chief and Acting Chief, respectively.  Voong Decl. ¶ 1; Briggs Decl. ¶ 1.

---

[3] An inmate appeal also may be screened out, or rejected, for any of the sixteen defects listed in the regulation.  *See* Cal. Code Regs. tit. 15, § 3084.6(b).  The defects that may cause an inmate appeal to be screened out are capable of being corrected—e.g., the inmate may be required to add information or documents, or make the appeal legible—and the inmate may resubmit the appeal after correcting the defect.  *See id.* § 3084.6(a)(2).  A rejection decision under § 3084.6(b) does not exhaust administrative remedies.  *Id.* § 3084.1(b).

[4] This Order contains a few acronyms.  Here, in one place, they are:

| | |
|---|---|
| CDCR | California Department of Corrections and Rehabilitation |
| CMF | California Medical Facility |
| RJN | Request for Judicial Notice |
| OOA | Office of Appeals |
| RVR | Rules Violation Report |
| SVSP | Salinas Valley State Prison |
| TLR | Third Level Review |

Defendants were in charge of overseeing staff who receive, screen, log, route, and assign the third level grievances that are submitted by inmates. *Id.* Their duties also included monitoring the dispositions of these inmate appeals. *Id.*

### 2. Plaintiff's Version

The following background relating to Plaintiff's Eighth Amendment claim is taken from the Court's January 14, 2019 Order:

> Plaintiff claims that Defendants have obstructed his access to grievance procedures at SVSP based on the following actions:
>
> (1)     Use of inmate appeals screening form (CDC 695) to manipulate improper, excessive, and repetitive delays[;]
>
> (2)     Dishonest and unethical methods in screening out and cancelling 602 appeal for the purpose to never be processed[;]
>
> (3)     Reporting deliberate false information in the course of responding to 602 appeal.
>
> Dkt. 1 at 3.  Specifically, Plaintiff claims that Defendants have prevented him from filing . . . certain staff complaint[s], [e.g.,] log no. SVSP 14-02020, in which he complains that SVSP Correctional Officer E. Santana filed a false [RVR] against him in 2013.  Thus, in essence, Plaintiff claims Defendants' actions have violated his rights under the First Amendment.

Dkt. 7 at 2 (brackets added).

### 3. Defendants' Version

#### a. Plaintiff's RVR For Indecent Exposure

On October 15, 2013, Plaintiff received an RVR for indecent exposure stemming from an incident that occurred on October 6, 2013, when he allegedly exposed his genitals during a search by Officer Santana.  Cho Decl. ¶¶ 5, 6, Ex. B, C.

On October 8, 2013, Plaintiff was transferred to California Medical Facility ("CMF").  *Id.*, ¶¶ 6, 7, Ex. C, D.  A senior psychologist at CMF reported that Plaintiff would be "unable to participate in a disciplinary hearing while in his current elevated level of care" and recommended that the RVR hearing be postponed.  *Id.*, ¶ 8, Ex. E.  On December 27, 2013, Plaintiff transferred to California Health Care Facility ("CHCF").  *Id.*, ¶ 7, Ex. D.  On January 13, 2014, CHCF

5

officials sent a memorandum to SVSP requesting that SVSP hold the RVRs until Plaintiff's discharge from CHCF. *Id.*, ¶¶ 7, 9, Ex. D, F.

On March 3, 2014, Plaintiff was transferred back to SVSP. *Id.*, ¶ 7, Ex. D. Chief Disciplinary Officer R. Binkele issued a memorandum recalculating the time limit to hold Plaintiff's RVR hearing in light of the exceptional medical circumstances due to Plaintiff's mental health conditions and determining that the new deadline was April 2, 2014. *Id.*, ¶¶ 7, 10, Ex. D, G.

On April 1, 2014, the RVR hearing was held on the indecent exposure RVR before the hearing officer, Lieutenant P. Sullivan. *Id.*, ¶ 11, Ex. H. Lieutenant Sullivan considered statements from Officer Santana and Plaintiff and the written testimony of Correctional Officer J. Castillo and kitchen employee A. Romero. *Id.* Lieutenant Sullivan noted that "[a]ccording to Inmate ODEN's statement made during the Investigative Employee's report and the questions asked to Officer Castillo it appears that Inmate ODEN acknowledged that he did in fact pull down his shorts and exposed himself to Officer Santana," and found Plaintiff guilty of indecent exposure. *Id.*

### b. Defendants' Roles in the Administrative Appeals Process

Defendants have never worked at SVSP and were employed at the OOA in Sacramento, where they adjudicated appeals brought to the third level. Lomeli Decl. ¶¶ 4, 7, Ex. A; Briggs Decl. ¶ 6, Ex. B. Appeals adjudicated at the first and second levels of review occur at the institution, and Defendants were never involved in determining any of Plaintiff's administrative appeals determined at the first two levels at SVSP. Lomeli Decl. ¶¶ 4, 10-21, Ex. B-L; Voong Decl. ¶ 4, Briggs Decl. ¶¶ 2, 7.

### c. Plaintiff's Inmate Appeals

From October 2013 (when the aforementioned RVR for Indecent Exposure was issued) to August 2018 (when Plaintiff filed the instant complaint), Plaintiff had administratively exhausted three administrative appeals arising from the constitutional violations at SVSP—SVSP-L-13-

2804,[5] SVSP-L-14-2256, and SVSP-L-18-03264.  Voong Decl. ¶¶ 11, 12, 16, Ex. B; Lomeli Decl. ¶¶ 12, 19, Ex. D, K.  Because SVSP-L-13-2804 (relating to his classification score) is unrelated, *see* Voong Decl. ¶ 11, the Court turns to the remaining two.  In SVSP-L-14-2256, Plaintiff alleged that SVSP counselors had improperly rejected an appeal (SVSP-L-14-2020) as a duplicate of a previous appeal (SVSP-L-14-01989), which contested the RVR he had received for the indecent exposure charge.  *Id.*, ¶ 12.  Meanwhile, in SVSP-L-18-03264, Plaintiff contested the cancellation of a previous appeal (SVSP-L-18-01723), which also related to the indecent exposure charge.  Lomeli Decl. ¶ 19.  While Defendants were involved in handling the review at the third level of appeal for both SVSP-L-14-2256 and SVSP-L-18-03264, the record shows that neither appeal dealt with any alleged denial of access to the courts by the named Defendants.  *See id.*, Exs. D, K.

Turning now to the other appeals submitted by Plaintiff at the lower levels of appeal, SVSP Inmate Appeals Coordinator V. Lomeli claims that the following appeals "are connected to the aforementioned alleged obstruction of [Plaintiff's] right to file a staff complaint" and to Plaintiff's challenge to his indecent explosive charge: SVSP-L-14-01989; SVSP-L-14-02020; SVSP-L-14-02256; SVSP-L-14-02718; SVSP-L-14-03035; SVSP-L-14-03199; SVSP-L-14-03279; SVSP-L-14-03346; LAC-X-15-01228; LAC-X-16-02456/SVSP-L-16-03721; SVSP-L-18-01723; and SVSP-L-18-03264.  Lomeli Decl. ¶¶ 9, 10-20, Ex. B-K; Voong Decl. ¶ 14.

The Court shall elaborate on each of the relevant appeals in chronological order below.

### 1) SVSP-L-14-01989

On May 6, 2014, Plaintiff submitted SVSP-L-14-01989, contesting the RVR he had received for indecent exposure on October 6, 2013.  Lomeli Decl. ¶ 10, Ex. B.  In this appeal, Plaintiff denied that he had exposed himself to Officer Santana, the RVR proceeding misstated the identity of the individual who conducted a psychiatric evaluation on him, the psychiatric evaluation was improperly performed, the regulatory time limits for the RVR had been violated,

---

[5] The Court notes that in its previous orders in Case No. C 17-5853 YGR (PR), it inadvertently referred to this appeal as "SVSP-L-*14*-2804."  *See* Dkt. 60 at 8 in Case No. C 17-5853 YGR (PR).  The parties failed to point out the typographical error, but nonetheless this appeal was not relevant to the Court's decision in that case.  The Court acknowledges that the **correct** appeal number is "SVSP-L-*13*-2804."  *See* Voong Decl. ¶ 11.

and the RVR hearing was held while he was admitted to a mental health crisis bed. *Id.* On May 20, 2014, Plaintiff was informed that SVSP-L-14-01989 had been rejected because it involved multiple issues that did not derive from a single event or could not be reasonably addressed in a single response pursuant to Title 15 of the California Code of Regulations § 3084.6(b)(8). *Id.* Plaintiff was instructed to file separate appeals regarding his denial of the indecent exposure charge and the alleged rescission of a mental health assessment. *Id.* Instead, Plaintiff wrote a letter to the OOA in Sacramento, inquiring about the status of the appeal while it was pending at SVSP. Voong Decl., Ex. A, B. The OOA informed Plaintiff in a letter that he must inquire about the appeal's status at the institution. *Id.*, Ex. B. Plaintiff's records show he did not obtain a substantive decision at the third level. *Id.*, Ex. A.

### 2) SVSP-L-14-02020

On May 8, 2014, Plaintiff filed SVSP-L-14-02020, in which he contested the veracity of the indecent exposure RVR. Lomeli Decl. ¶ 11, Ex. C. On May 9, 2014, Plaintiff was instructed to explain how this appeal was not duplicative of SVSP-L-14-01989. *Id.* Plaintiff responded with a CDCR Form 22, in which he wrote, "[t]his is a staff complaint it has to do with unprofessional conduct which I'm reporting and which caused adverse actions against me." *Id.* On May 15, 2014, the appeal was cancelled for duplicating SVSP-L-14-01989 and for untimeliness because it had exceeded 30 days from when the allegedly false RVR was issued on October 6, 2013. *Id.* Neither Defendant was involved in determining this appeal while it was pending at SVSP. *Id.* There is no indication that this appeal reached the third level. Voong Decl. ¶¶ 10, 17.

### 3) SVSP-L-14-02256

On May 16, 2014, Plaintiff filed SVSP-L-14-02256, contesting the cancellation of SVSP-L-14-02020. Lomeli Decl. ¶ 12, Ex. D. This appeal bypassed the first level of review, and was denied at the second level on July 7, 2014 on the grounds that the cancellation of SVSP-L-14-02020 was proper for duplicating SVSP-L-14-01989. *Id.* At the third level, Defendant Briggs denied the appeal and upheld the ruling made at the second level. Voong Decl. ¶ 12, Ex. B; Briggs Decl. ¶ 4, Ex. A. Defendant Briggs also found that there had been insufficient evidence to prove Plaintiff's claim that the cancellation was improper because Plaintiff had been experiencing

mental issues that prevented him from properly filing his appeals.  Briggs Decl. ¶ 4, Ex. A.

### 4) SVSP-L-14-02718

On June 24, 2014, Plaintiff filed SVSP-L-14-02718, claiming that the Appeals Office at SVSP was harassing Plaintiff and improperly refusing to process appeal numbers SVSP-L-14-01989 and SVSP-L-14-02020.  Lomeli Decl. ¶ 13. Ex. E.  This appeal bypassed the first level and proceeded to the second level, where it was partially granted on August 5, 2014 in that any properly filed appeals would be processed.  *Id.*  The second level reviewer also found that the Appeals Office had not harassed Plaintiff or improperly refused or rejected any appeals, and did not reinstate appeal numbers SVSP-L-14-01989 and SVSP-L-14-02020.  *Id.*  There is no indication that this appeal reached the third level.  Voong Decl. ¶¶  10, 17.

### 5) SVSP-L-14-03035

On July 15, 2014, Plaintiff filed SVSP-L-14-03035, claiming that C. Barela of the Appeals Office at SVSP acted with deliberate indifference and denied him his due process rights by intentionally rejecting or cancelling SVSP-L-14-02020.  Lomeli Decl. ¶ 14, Ex. F.  He further claimed that other inmates had been treated harshly by the Appeals Office as well.  *Id.*  This appeal was rejected at the first level because he could only appeal on his behalf and not for other inmates, he had not attached the cancelled appeal, and he could not appeal a rejected appeal.  *Id.*  There is no indication that this appeal reached the third level.  *Id.*, ¶¶  10, 17.

### 6) SVSP-L-14-03199

On July 27, 2014, Plaintiff submitted SVSP-L-14-03199, alleging that he had not seen his legal appeal documents regarding the indecent exposure RVR since the return of SVSP-L-14-01989.  Lomeli Decl. ¶ 15, Ex. G.  This appeal was bypassed at the first level of review.  *Id.*  On August 8, 2014, the second-level reviewer partially granted the appeal because he still had an appeal pending, SVSP-L-14-03346, regarding the RVR determination.  *Id.*  There is no indication that this appeal reached the third level.  Voong Decl. ¶¶ 10, 17, Ex. A.

### 7) SVSP-L-14-03279

On July 27 and 28, 2014, Plaintiff submitted SVSP-L-14-03279, alleging that C. Barela and the Appeals Office continued to deny his due process rights by erroneously rejecting and

cancelling his appeals of the indecent exposure RVR. Lomeli Decl. ¶ 16, Ex. H. This appeal was cancelled on August 1, 2014 at the first level because Plaintiff had not submitted the appeal on the CDCR 602 form. *Id.* There is no indication that this appeal reached the third level. Voong Decl. ¶¶ 10, 17, Ex. A.

### 8) SVSP-L-14-03346

On July 30, 2014, Plaintiff filed SVSP-L-14-03346, contending that he had not engaged in the offense of indecent exposure and that Officer Santana had been harassing him, and he requested that the RVR be dismissed. Lomeli Decl. ¶ 17, Ex. I. This appeal was bypassed at the first level of review and proceeded to the second level. *Id.* On August 14, 2014, the second-level reviewer denied the appeal, finding that the RVR hearing had been fair and unbiased and that Plaintiff had committed the charged offense. *Id.* This appeal was initially rejected by Defendant Briggs at the third level on September 30, 2014 for failure to provide supporting documents. Voong Decl. ¶ 13; Briggs Decl. ¶ 5, Ex. B. Specifically, Plaintiff was required to submit a CDCR Form 128-B, General Chrono from the RVR proceedings. Briggs Decl. ¶¶ 5, 6. Plaintiff resubmitted the appeal to the third level, where it was received on November 17, 2014 and then cancelled on March 5, 2015 for untimeliness. Voong Decl. ¶ 13; Briggs Decl. ¶ 6, Ex. B.

### 9) LAC-X-15-01228

On March 31, 2015, Plaintiff filed LAC-X-15-01228 while he was housed at California State Prison-Los Angeles County. Voong Decl. ¶ 14, Ex. B. The appeal was forwarded to SVSP on April 20, 2015 for processing. Voong Decl., Ex. B. In this appeal, Plaintiff appealed the third-level cancellation of SVSP-L-14-03346, and argued that no employee within CDCR's Appeals Offices, including Defendants, would process his administrative appeals and needed to stop denying him his due process rights. Voong Decl. ¶ 14, Ex. B. LAC-X-15-01228 was received at the third level on May 4, 2015 and was cancelled on June 26, 2015 because Plaintiff had exceeded the prescribed thirty-day deadline to appeal a cancellation. *Id.*

### 10) LAC-X-16-02456/SVSP-L-16-03721

On June 7, 2016, Plaintiff filed LAC-X-16-02456 while housed at California State Prison-Los Angeles County, claiming that Defendants had deliberately denied his due process rights to

appeal the indecent exposure RVR and that the RVR was false. Voong Decl. ¶ 15, Ex. B. It was transferred to SVSP for processing on June 13, 2016, and was designed as SVSP-L-16-03721. *Id.* On June 28, 2016, the appeal was rejected at the first level at SVSP because Plaintiff was appealing a third-level decision. Voong Decl., Ex. B. This appeal was cancelled at the third level on November 23, 2016 because it was a duplicate of LAC-X-15-01228, in which Plaintiff also claimed Defendants violated his due process rights to appeal the indecent-exposure RVR. *Id.*, ¶¶ 14, 15, Ex. B.

### 11) SVSP-L-18-01723

On March 20, 2018, Plaintiff filed SVSP-L-18-01723, again claiming that Officer Santana had submitted a false RVR for indecent exposure and for threatening the officer. Lomeli Decl. ¶ 18, Ex. J. This appeal was rejected at the first level on March 21, 2018 because Plaintiff's allegations were five years old and untimely and because the appeal had not been submitted on an approved CDCR 602 form. *Id.* It was cancelled on April 13, 2018, and on May 7, 2018, it was rejected again because Plaintiff was attempting to resubmit an appeal that had been previously cancelled. *Id.* Plaintiff was advised that he could appeal a cancelled appeal by submitting a separate CDCR 602 form and attaching his cancelled appeal. *Id.* Neither Defendant was involved in determining this appeal while it was pending at SVSP. *Id.* There is no indication that this appeal reached the third level. Voong Decl. ¶¶ 10, 17, Ex. A.

### 12) SVSP-L-18-03264

On May 23, 2018, Plaintiff filed SVSP-L-18-03264, contesting the cancellation of SVSP-L-18-01723 and requesting compensation for his loss of salary, the termination of Officer Santana and a correctional sergeant, and an investigation of his staff complaint allegations in connection with the indecent exposure RVR. Lomeli Decl. ¶ 19, Ex. K. This appeal was bypassed at the first level of review and proceeded to the second level of review. *Id.* On June 14, 2018, the second-level reviewer partially granted the appeal, finding that Plaintiff's requests for an investigation were addressed by appeal numbers SVSP-L-14-01989 and SVSP-L-14-02020. *Id.* The reviewer denied Plaintiff's requests for compensation, the staff terminations, and the witness interviews, and found that SVSP-L-18-01823 was appropriately cancelled because Plaintiff had filed it

outside the 30-day time constraints. *Id.* This appeal was accepted at the third level on June 27, 2018 and was denied in a letter signed by Defendant Voong on October 2, 2018 because the cancellation of SVSP-L-18-01723 had been proper. Voong Decl. ¶ 16, Ex. B.

### 13) Summary of Relevant Appeals

In sum, Plaintiff submitted the aforementioned relevant twelve appeals. Lomeli Decl. ¶¶ 9, 10-20, Ex. B-K; Voong Decl. ¶ 14. Of these twelve appeals, SVSP-L-14-02256, SVSP-L-14-03346, and SVSP-L-18-03264 reached the third level. Voong Decl. ¶¶ 14-16, Briggs Decl. ¶¶ 4-6, Ex. A, B. However, of the three appeals that reached the third level, only SVSP-L-14-02256 and SVSP-L-18-03264 received a substantive decision, which was a denial, at the third level. Voong Decl. ¶¶ 12, 16; Briggs Decl. ¶ 4, Ex. A. (SVSP-L-14-03346 was cancelled on March 5, 2015 for untimeliness. *See* Voong Decl. ¶ 13; Briggs Decl. ¶ 6, Ex. B.) However, in neither SVSP-L-14-02256 nor SVSP-L-18-03264 did Plaintiff raise any claims of denial of access to the courts by the named Defendants. *See* Voong Decl. ¶¶ 14-16, Briggs Decl. ¶¶ 4-6, Ex. A, B.

As to Plaintiff's appeals that specifically named Defendants as denying him due process because they would not process his administrative appeals—LAC-X-15-01228 and LAC-X-16-02456/SVSP-L-16-03721—neither appeal received a substantive decision at the third level. *See* Voong Decl. ¶¶ 14-15, Exs. A, B. In LAC-X-15-01228, Plaintiff appealed the cancellation of SVSP-L-14-03346 but also specifically raised the issue that employees working in the Appeals Offices within the CDCR, including Defendants, were denying him due process because they would not process his administrative appeals. *Id.*, Ex. B. LAC-X-15-01228 was received at the third level on May 4, 2015 and cancelled by Defendant Voong on June 26, 2015 because Plaintiff had exceeded the prescribed 30-day deadline to appeal a cancellation. *Id.* In LAC-X-16-02456/SVSP-L-16-03721, Plaintiff claimed that Defendants had denied his due process rights to appeal the indecent-exposure RVR. Voong Decl. ¶ 15, Ex. B. It was ultimately cancelled by Defendant Voong on November 23, 2016 at the third level of review for duplicating another appeal (LAC-X-15-01228), which had been cancelled as untimely. *Id.*

Lastly, the only involvement either Defendant had in connection with any of the aforementioned appeals challenging the indecent exposure charge was when Defendant Briggs

United States District Court
Northern District of California

served as the third level reviewer to deny SVSP-L-14-02256 (contesting the cancellation of SVSP-L-14-02020, in which he contested the veracity of the indecent exposure RVR), *see* Voong Decl. ¶ 12; Briggs Decl. ¶ 4, Ex. A, and to initially reject and eventually deny as untimely SPVP-14-03356, *see* Voong Decl. ¶ 14, Briggs Decl. ¶¶ 5-6; and when Defendant Voong served as the third level reviewer to cancel the two relevant appeals LAC-X-15-01228 and LAC-X-16-02456/SVSP-L-16-03721 (both relating to the access to the courts claim), *see* Voong Decl. ¶¶ 14-15, Ex. B, and to deny as proper SVSP-L-18-03264, which was appealing the cancellation of SVSP-L-18-01723 (relating to the indecent exposure RVR), *see* Voong Decl. ¶ 16, Ex. B.

## III.    LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record"). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). The defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with defendants, however. *Id.* "If material facts are disputed, summary judgment

should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

A district court may consider only admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). In support of the motion for summary judgment, Defendants have presented their own declarations and supporting exhibits (Dkts. 20-2, 20-5) as well as declarations and supporting exhibits from their attorney, Deputy Attorney C. Hay-Mie Cho, and Appeals Coordinator Lomeli. Dkts. 20-3, 20-4.

Defendants have also filed a Request for Judicial Notice ("Defs. RJN") in support of their Motion for Summary Judgment. Dkt. 20-6. A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in section 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status). Accordingly, the Court takes judicial notice of: (1) Plaintiff's complaint filed in his previous action, Case No. C 17-05853-YGR (PR), and the civil docket sheet from the Public Access to Court Electronic Records, attached as Exhibit A to Defs. RJN; (2) his petition for writ of habeas corpus, case number HC 8338, filed with the Monterey County Superior Court on October 20, 2014, attached as Exhibit B to Defs. RJN; and (3) the Monterey County Superior Court's order denying Plaintiff's petition for writ of habeas corpus, case number HC 8338, on November 6, 2014, attached as Exhibit C to Defs. RJN.

Plaintiff's opposition is not verified and will not be considered because it was not signed under "penalty of perjury." Dkt. 31. Because the complaint is verified, dkt. 1 at 3, the Court will construe it as an opposing affidavit under Federal Rule of Civil Procedure 56, insofar as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

## IV. ANAYLSIS

Defendants contend that Plaintiff did not exhaust his administrative remedies as to his access to the courts claim in the complaint in the present action. Dkt. 20 at 15-17. Specifically,

Defendants assert that Plaintiff "has raised a freestanding claim against Defendants Voong and Briggs that he did not properly raise in an administrative appeal." Dkt. 32 at 3. Defendants argue as follows:

> In *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010), the Ninth Circuit held that an inmate-plaintiff raising a freestanding claim against the prison's appeals coordinator for improper screening must separately pursue his administrative remedies for that problem before filing suit. The Court explained that although the inmate claimed his grievances about medical care were improperly screened, he could not rely on those grievances to put the prison on notice about his specific claim against the appeals coordinator. *Id.*
>
> Oden has presented an analogous situation in this case. Oden filed two grievances about Defendants Voong and Briggs's conduct—SVSP-L-16-03721 and LAC-X-15-01228. In appeal number SVSP-L-16-03721, Oden claimed that Defendants Voong and Briggs denied his due process rights to appeal the indecent-exposure rules violation report. (ECF No. 20-5, ¶ 15, Ex. B.) That grievance was cancelled at the third level of review for duplicating another appeal—LAC-X-15-01228—which was cancelled as untimely. (*Id.*, ¶ 14, Ex. B.) In appeal number LAC-X-15-01228, Oden argued that Defendants Voong and Briggs and other employees working in the Appeals Offices denied him due process because they did not process his administrative appeals. (*Id.*, Ex. B.) Neither appeal was properly exhausted appeal because neither received a substantive decision at the third level. (*Id.*)

Dkt. 32 at 3.

As explained above, Defendants' burden is to prove that there was an available administrative remedy and that Plaintiff did not exhaust that available administrative remedy. *Albino*, 747 F.3d at 1172; *see id.* at 1176 (reversing district court's grant of summary judgment to defendants on issue of exhaustion because defendants did not carry their initial burden of proving their affirmative defense that there was an available administrative remedy that prisoner plaintiff failed to exhaust); *see also Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005) (as there can be no absence of exhaustion unless some relief remains available, movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting results of relief already granted as result of that process). Once Defendants have carried that burden, Plaintiff has the burden of production. *Albino*, 747 F.3d at 1172. That is, the burden shifts to Plaintiff to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative

remedies effectively unavailable to him. *Id*. But as required by *Jones*, the ultimate burden of proof remains with Defendants. *Id*.

### A. Defendants' Initial Burden of Proving Unexhaustion

In an effort to carry out their initial burden of proving unexhaustion, Defendants argue as follows:

> Oden's complaint alleges that Defendants Voong and Briggs interfered with his access to the prison grievance system. Oden's claim against them has nothing to do with his underlying challenges to the merits of the indecent-exposure RVR. Rather, he is raising a freestanding claim against Voong and Briggs in their roles as appeal reviewers concerning subsequent challenges to prior appeal cancellation decisions. But Oden did not sufficiently address this alleged wrongdoing through the administrative appeal process, and accordingly, he has failed to exhaust his administrative remedies against Defendants.

*Id*. at 16. Defendants acknowledge that Plaintiff filed two relevant grievances to the access to the courts claim against Defendants—LAC-X-15-01228 and LAC-X-16-02456/SVSP-L-16-03721— but contend that Plaintiff did not exhaust his administrative remedies because Plaintiff did not receive a decision (i.e., a denial) at the highest level of appeal. *Id*. at 16-17. Therefore, Defendants argue that they are entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies as to the access to the courts claim. *Id*.

Defendants have met their initial burden as the moving party by setting forth evidence to demonstrate Plaintiff's non-exhaustion as to Plaintiff's access to the courts claim, specifically by conducting a search of the CDCR's records and finding no grievances submitted to the Director's level by Plaintiff concerning the such a claim. *See Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). Defendants cite the declarations of Defendants Voong and Briggs as well as Appeals Coordinator Lomeli, who have reviewed Plaintiff's grievances and concluded that: (1) Plaintiff only submitted three grievances during time period at issue that were pursued to the Director's level and for which he obtained final administrative decisions (i.e., denials)—SVSP-L-13-2804, SVSP-L-14-2256, and SVSP-L-18-03264—but none of the three related to the aforementioned access to the courts claim; and (2) the grievances relating to Plaintiff's access to the courts claim against Defendants were cancelled as either untimely (LAC-X-15-01228) or duplicative (LAC-X-

16-02456/SVSP-L-16-03721) and thus Plaintiff never obtained a final administrative decision because neither were accepted for substantive review at the third level.

### B. Plaintiff's Burden of Proving Unavailability of Administrative Remedies

Defendants have adequately shown that there were available administrative remedies that Plaintiff did not fully exhaust. As such, the burden shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1166. Improper screening of a prisoner's administrative grievances may excuse a failure to exhaust. *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010). The prisoner must demonstrate "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823-24.

Plaintiff relies on appeal number SVSP-L-14-3346 to support his claim that he was excused from the exhaustion requirement. Dkt. 31-1 at 3. However, such an argument does not address Defendants' claim that Plaintiff did not exhaust his freestanding claim against Defendants Voong and Briggs. As explained above, in SVSP-L-14-3346, Plaintiff claimed that he had not committed the offense of indecent exposure, that Officer Santana had been harassing him, and that the indecent exposure RVR should be dismissed. Briggs Decl. ¶ 5, Ex. B (Dkt. 20-2 at 59, 61). On September 30, 2014, Defendant Briggs sent Plaintiff a letter rejecting the appeal for failure to provide supporting documents, namely the CDCR Form 128-B, General Chrono. Briggs Decl. ¶¶ 5-6, Ex. B (Dkt. 20-2 at 63). Plaintiff alleges in his opposition that he was unable to provide such documents and thus unable to exhaust this appeal because he was unable to obtain the documents from SVSP and because the appeals coordinators at SVSP held the appeal for over 30 days. Dkt. 31-1 at 3. However, Defendant Briggs's September 30, 2014 letter did not preclude Plaintiff from completing the appeal process, as Plaintiff was allowed to resubmit to correct the defect, and the record shows that SVSP-L-14-3346 was again received at the third level on November 17, 2014. Briggs Decl. ¶ 6, Ex. B (Dkt. 20-2 at 58). Plaintiff then failed to correct and

return his appeal within 30 days of September 30, 2014 as required by California Code of Regulations, Title 15, § 3084.6(c)(10), and it was cancelled on March 5, 2015, for untimeliness. *See id.* In addition, Defendant Briggs's September 30, 2014 letter informing Plaintiff about the cancellation of SVSP-L-14-03346 cannot exhaust Plaintiff's freestanding claim against Defendant Briggs for improper screening. As *Sapp* provides, Plaintiff was required to separately grieve his claim against Defendant Briggs because a proper screening decision does "not foreclose the possibility that exhaustion might also be excused where repeated rejections of an inmate's grievances at the screening stage give rise to a reasonable good faith belief that administrative remedies are effectively unavailable." *Sapp*, 623 F.3d at 826. Such an excuse is not available to Plaintiff here, however, as the record shows that SVSP-L-14-03346 were screened out only once at the third level of review and then it was ultimately cancelled as untimely. The issue here is that after SVSP-L-14-03346 was screened out, Plaintiff could still separately grieve his access to the courts claim against either Defendant Briggs or Defendant Voong. Consequently, the Court concludes Plaintiff could not have had a reasonable good faith belief that further administrative remedies were effectively unavailable.

Going back to the two requirements under *Sapp*, the Court points out that Plaintiff could meet the first *Sapp* factor, as shown by his attempts to file LAC-X-15-01228 and LAC-X-16-02456/SVSP-L-16-03721, which, as construed in the light most favorable to the Plaintiff above, would have sufficed to exhaust his access to the courts claim because they both claim that Defendants Voong and Briggs denied Plaintiff's due process rights to appeal the indecent-exposure RVR. *See* Voong Decl., Ex. B. However, as explained above, neither appeal was accepted for substantive review at the third level because they were both cancelled as either untimely (LAC-X-15-01228) or duplicative (LAC-X-16-02456/SVSP-L-16-03721). Therefore, in order to satisfy the second *Sapp* factor Plaintiff must show that prison officials rejected LAC-X-15-01228 and LAC-X-16-02456/SVSP-L-16-03721 for reasons inconsistent with applicable regulations. *See Sapp*, 623 F.3d at 823-24.

The Court finds Plaintiff has failed to present evidence showing LAC-X-15-01228 and LAC-X-16-02456/SVSP-L-16-03721 were improperly cancelled at the third level of review, as

explained below. Moreover, even after LAC-X-15-01228 and LAC-X-16-02456/SVSP-L-16-03721 were properly cancelled, Plaintiff had various options to move the appeals process forward and exhaust his administrative remedies, i.e., he could have appealed the cancellation of both appeals. Cal. Code Regs. tit. 15, § 3084.6(e). But the record shows that Plaintiff did not pursue such an options as further explained below.

### 1. Cancellation of LAC-X-15-01228 as Untimely

In LAC-X-15-01228, in which Plaintiff appealed the third-level cancellation of SVSP-L-14-03346 in addition to claiming Defendants violated his due process rights to appeal the indecent-exposure RVR, the third level appeal decision pointed out that LAC-X-15-01228 had been cancelled. Voong Decl., Ex. B (Dkt. 20-5 at 305). Specifically, on June 26, 2015, Plaintiff was sent a letter from Defendant Voong, stating:

> Your appeal is being cancelled pursuant to the California Codes of Regulations, Title 15, Section (CCR) 3084.6(c)(4). Time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints.
>
> [SVSP-L-14-03346][6] was cancelled at the third level on March 5, 2015, and mailed to you on March 19, 2015. Your CDCR 602 appealing the cancellation was not received in our office until May 4, 2015 (46 days after third level mailed the cancelled appeal to you). This exceeds time constraints to submit for third level review.

*Id.* (footnote added).

At the bottom of the letter, there are further instructions, stating:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary to resubmit the appeal within the timeframes, 30 calendar days as specified in CCR 3084.6(a) and CCR 3084.6(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

*Id.*[7]

---

[6] Defendant Voong's June 26, 2015 letter refers to SVSP-L-14-03346 using its Third Level Review ("TLR") number, "Appeal TLR 1402438." *See* Voong Decl., Ex. B (Dkt, 20-5 at 305). In order to remain consistent, the Court refers to the original appeal number at the lower levels of appeal—SVSP-L-14-03346.

[7] This same instruction is located at the bottom of every letter relating to the rejection/cancellation of an appeal sent to Plaintiff from the OOA at the third level of review.

Title 15, California Code of Regulations § 3084.6 is entitled, "Rejection, Cancellation, and Withdrawal Criteria." Cal. Code. Regs. tit. 15 § 3084.6. According to section 3084.6(c)(4):

> (c) An appeal may be cancelled for any of the following reasons, which include, but are not limited to:
>
> . . . .
>
>  (4) Time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints. In determining whether the time limit has been exceeded, the appeals coordinator shall consider whether the issue being appealed occurred on a specific date or is ongoing. If the issue is ongoing, which may include but is not limited to, continuing lockdowns, retention in segregated housing, or an ongoing program closure, the inmate or parolee may appeal any time during the duration of the event; however, the inmate or parolee is precluded from filing another appeal on the same issue unless a change in circumstances creates a new issue.

*Id.* Furthermore, section 3084.1(g) states, "An appellate shall adhere to appeal filing time constraints as defined in section 3084.8." *Id.*, § 3084.1(g). And, section 3084.8(a)(b)(1)(2): "Time limits for reviewing appeals shall commence *upon the date of receipt* of the appeal form by the appeals coordinator. An inmate or parolee must submit the appeal within 30 calendar days of: The occurrence of the event or decision being appealed, or; upon first having knowledge of the action or decision being appealed." *Id.*, § 3084.8(a)(b)(1)(2) (emphasis added). These regulations make clear that it is not the date of submission but the date of receipt by the appeals coordinator which defines the time constraints. *Id.* The Court notes that other than civil filing deadlines and service deadlines, the Ninth Circuit has found that the "mailbox rule" does not apply to administrative filing deadlines such as those required of federal prisoners under 28 C.F.R. §§ 542.0-.16. *See Nigro v. Sullivan*, 40 F.3d 990, 993-97 (9th Cir. 1994).

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id.* at 92. The PLRA exhaustion requirement requires proper exhaustion. *Id.* As explained above, proper exhaustion demands "compliance with an agency's deadlines." *Id.* at 90-91. If a prisoner

had full opportunity and ability to file a timely grievance but failed to do so, he has not properly exhausted his administrative remedies. *Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 88). Finally, a cancellation decision does not exhaust administrative remedies. Cal. Code Regs. tit. 15, § 3084.1(b).

Here, Plaintiff fails to provide an explanation as to why he waited forty-six days to appeal the third-level cancellation of SVSP-L-14-03346 after that cancellation was mailed to him on March 19, 2015. There is no indication that Plaintiff was otherwise incapable of filing the appeal sooner in order to meet time constraints. The undisputed facts are that Plaintiff had thirty days from the date the cancellation of SVSP-L-14-03346 was mailed to him on March 19, 2015 to file a timely appeal, *i.e.*, no later than April 18, 2015, and that appeal was not received by the appeals coordinator until May 4, 2015, which was sixteen days *after* the thirty-day period had expired. Thus, the Court concludes that the third level appeal decision correctly found under the regulations that LAC-X-15-01228 was filed beyond the time constraints by sixteen days (46 days minus 30 days) and was therefore properly cancelled as untimely. *See* Voong Decl., Ex. B (Dkt. 20-5 at 305). Most importantly, even after LAC-X-15-01228 was properly cancelled, Plaintiff failed to appeal the cancellation. *See* Cal. Code Regs. tit. 15, § 3084.6(e). Plaintiff had filed an untimely appeal, and it was also his choice to file the instant lawsuit against Defendants without complying with the PLRA's exhaustion requirement. And Plaintiff provided no evidence that Defendants prevented Plaintiff from successfully exhausting his administrative remedies before filing suit. Therefore, Plaintiff failed to properly exhaust his administrative remedies through inmate appeal LAC-X-15-01228 because it was untimely.

### 2. Cancellation of LAC-X-16-02456/SVSP-L-16-03721 as Duplicative

In LAC-X-16-02456/SVSP-L-16-03721, Plaintiff claimed Defendants violated his due process rights to appeal the indecent-exposure RVR, and the third level appeal decision pointed out that LAC-X-16-02456/SVSP-L-16-03721 had been cancelled. Voong Decl., Ex. B (Dkt. 20-5 at 473). Specifically, on November 23, 2016, Plaintiff was sent a letter from Defendant Voong, stating:

> Your appeal has been cancelled pursuant to the California Codes of

Regulations, Title 15, Section (CCR) 3084.6(c)(2). The appeal duplicates an inmate or parolee's previous appeal upon which a decision has been rendered or is pending.

This appeal is a duplicate to [LAC-X-15-01228].[8]

*Id.* (footnote added).

As mentioned above, a grievance may be cancelled for various reasons, including duplication of other appeals. Cal. Code Regs. tit. 15, § 3084.6(c)(2). And again, a cancellation decision does not exhaust administrative remedies. *Id.* at § 3084.1(b). Here, in LAC-X-16-02456/SVSP-L-16-03721, Plaintiff claimed Defendants violated his due process rights to appeal the indecent-exposure RVR. Voong Decl., Ex. B (Dkt. 20-5 at 474). As mentioned above, Plaintiff claimed the same issue in LAC-X-15-01228, in which he claimed that "no one wants to process and exhaust the Administrative Due Process Procedures" and requested that the OOA employees, including Defendants, "stop trying to deny [him] due process . . . ." *Id.* (Dkt. 20-5 at 306-308). Thus, the undisputed facts are that Plaintiff had submitted an appeal that was a duplicate of LAC-X-15-01228. However, even if Plaintiff disagreed that it was a duplicate of LAC-X-15-01228, he could have filed a separate appeal in order to challenge the cancellation decision. Cal. Code Regs. tit. 15, § 3084.6(e). Here, Plaintiff was informed that he could appeal the cancellation of LAC-X-16-02456/SVSP-L-16-03721, but he did not do so. Therefore, Plaintiff failed to properly exhaust his administrative remedies through inmate appeal LAC-X-16-02456/SVSP-L-16-03721 because it was duplicative.

By failing to file a timely grievance relating to his access to the courts claim against Defendants, choosing not to appeal the cancellations of LAC-X-15-01228 and LAC-X-16-02456/SVSP-L-16-03721, and instead filing the instant action in federal court, Plaintiff deprived prison officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case," which is the purpose of the PLRA exhaustion requirement. *Porter*, 534 U.S. at 525. Plaintiff's inability to exhaust is attributable, in part, to his delay in filing his

---

[8] Defendant Voong's November 23, 2016 letter refers to LAC-X-15-01228 using its Third Level Appeal number, "appeal log no. OOA-14-02438." *See* Voong Decl., Ex. B (Dkt. 20-5 at 473). Again, to remain consistent, the Court refers to the original appeal number at the lower levels of appeal— LAC-X-15-01228.

appeal and to the fact that he failed to appeal any cancellations. Lastly, as in *Sapp*, nothing in the record suggests that the CDCR has "created draconian procedural requirements that would 'trip[ ] up all but the most skillful prisoners'" and render administrative remedies effectively unavailable, so as to excuse a failure to exhaust. *See Sapp*, 623 F.3d at 827 (citing *Woodford v. Ngo*, 548 U.S. 81, 102 (2006)). Significantly, Defendants have submitted evidence demonstrating Plaintiff has prosecuted appeals through the Director's level of review, both before and after pursuing the appeal at issue herein. *See* Voong Decl., Ex. A. Accordingly, Plaintiff has not met his burden to show that there was something in his particular case that made generally available administrative remedies effectively unavailable to him. *See Albino*, 747 F.3d at 1172.

In sum, Defendants have met the ultimate burden of presenting evidence of unexhaustion, which Plaintiff has not persuasively disputed. Plaintiff's filing of untimely (LAC-X-15-01228) or duplicative (LAC-X-16-02456/SVSP-L-16-03721) appeals that were eventually cancelled does not constitute proper exhaustion. *Woodford*, 548 U.S. at 84. The prison's requirements define the boundaries of proper exhaustion. *Jones*, 549 U.S. at 218. A grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. *Woodford*, 548 U.S. at 90. The undisputed facts show that Plaintiff failed to comply with these requirements, and he has not presented evidence that precludes summary judgment.

Accordingly, the instant motion for summary judgment is GRANTED on the ground that Plaintiff failed to exhaust his administrative remedies as to his access to the courts claim against Defendants.[9]

## V. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.     Defendants' request for judicial notice is GRANTED. Dkt. 20-6.

2.     Defendants' motion for summary judgment is GRANTED based on Plaintiff's failure to exhaust administrative remedies. Dkt. 20. The access to the courts claim against them is

---

[9] The Court's finding that Defendants are entitled to summary judgment as to Plaintiff's access to the courts claim (based on the failure to exhaust administrative remedies) obviates the need to address Defendants' alternative arguments in their dispositive motion.

DISMISSED without prejudice for failure to exhaust administrative remedies. *See Albino*, 747 F.3d at 1166.

       3.     The Clerk shall terminate all pending motions and close the file.

       4.     This Order terminates Docket No. 20.

       IT IS SO ORDERED.

Dated:  March 20, 2020

                                YVONNE GONZALEZ ROGERS
                                United States District Judge

United States District Court
Northern District of California